UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>DAVID WILLIAM BELL,<br><br>                Defendant. | ED CR No. 15-<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1343, 1349: Wire<br>Fraud and Attempted Wire Fraud; 18<br>U.S.C. § 1341: Mail Fraud; 18<br>U.S.C. § 981(a)(1)(C) and 28<br>U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343, 1349]

A.    INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.    UST Development, Inc., also known as ("aka") "UST," aka "UST, Inc.," aka "US Telecom," aka "US-Telecom, Inc.," aka "U.S. Telecom," aka "National Telecompany, Inc.," aka "National Telecompany," aka "NTC," aka "UST Dry Utilities," aka "UST Services," aka "California Consultant Group, Inc.," (collectively, "UST"), was a commercial contractor located in San Bernardino County, California.

1    2.   Defendant DAVID WILLIAM BELL ("defendant BELL") was an

2    owner of UST.

3    B.   THE SCHEME TO DEFRAUD

4         3.   Beginning in or about September 2008, and continuing to in

5    or about September 2010, in San Bernardino, Los Angeles, and Orange

6    Counties, within the Central District of California, and elsewhere,

7    defendant BELL, together with others known and unknown to the Grand

8    Jury, knowingly and with the intent to defraud, devised, participated

9    in, and executed, and attempted to execute, a scheme to defraud

10   victim payroll services companies as to material matters, and to

11   obtain money from victim payroll services companies by means of

12   materially false and fraudulent pretenses, representations, and

13   promises, and the concealment of material facts.

14        4.   The scheme to defraud operated, in substance, as follows:

15             a.   Defendant BELL or a co-schemer who worked for UST

16   ("Co-Schemer #1") contacted payroll services companies, which

17   provided payroll-related services to small businesses, such as

18   printing paychecks, directly depositing employees' wages into their

19   bank accounts, and withholding payroll taxes on behalf of the client

20   small business.  Defendant BELL or Co-Schemer #1 expressed interest

21   in retaining the payroll services companies to provide payroll

22   services for UST.

23             b.   Defendant BELL sometimes told the payroll services

24   companies that he needed them to expedite UST's account setup and

25   first payroll.

26             c.   Defendant BELL obtained payroll services in which the

27   payroll services companies agreed to fund UST's payroll directly from

28   the payroll services companies' bank accounts instead of from UST's

2

1    bank account.    The payroll services companies which defendant BELL

2    retained or attempted to retain included Paychex, Ceridian, Payroll

3    Link, AmCheck, Automated Data Processing (ADP), Compupay, Oasis

4    Outsourcing, Ovation Payroll (formerly known as E-Chx), Sure Payroll,

5    e-Pay, Employers Resource, Pay-Net, PrimePay, and Paycom.

6           d.    Defendant BELL or Co-Schemer #1 provided the payroll

7    services companies with account and routing information for a bank

8    account ("UST's bank account") which defendant BELL or Co-Schemer #1

9    falsely represented contained sufficient funds to cover UST's

10   payroll.

11          e.    Defendant BELL sometimes deposited or caused to be

12   deposited checks drawn on UST's bank account into the bank accounts

13   of the payroll services companies.    Defendant BELL knew that UST's

14   bank account did not have sufficient funds to cover the amount of the

15   checks deposited into the bank account of the payroll services

16   companies.

17          f.    In reliance on defendant BELL's false promises and

18   pretenses, and material omissions, the payroll services companies

19   funded all or part of UST's payroll by either sending UST printed

20   paychecks via courier or by directly depositing UST employees'

21   compensation from the payroll services company's bank account.

22          g.    After funding all or part of UST's payroll, the

23   payroll services companies or their agents unsuccessfully attempted

24   to collect from UST's bank account funds to reimburse the payroll

25   services companies for the funds they had provided to UST's

26   employees.

27      5.    To execute the aforementioned scheme, defendant BELL made,

28   and caused to be made, false and deceptive statements to victim

                                       3

1  payroll service companies, and concealed and caused to be concealed

2  material facts from victim payroll service companies, including,

3  without limitation:

4          a.   representing that UST's bank account had checking

5  account services such that checks drawn on UST's bank account would

6  be honored by the bank;

7          b.   representing that UST's bank account had sufficient

8  funds to reimburse the payroll services company for the amount of

9  UST's payroll;

10         c.   concealing that UST's bank account did not have

11  checking account services and thus checks drawn on UST's bank account

12  would not be honored by the bank; and

13         d.   concealing that UST's bank account did not have

14  sufficient funds to reimburse the payroll services company for the

15  amount of UST's payroll.

16  C.   USE OF THE WIRES

17       6.   On or about the following dates, within the Central

18  District of California, and elsewhere, defendant BELL, for the

19  purpose of executing and attempting to execute the above-described

20  scheme to defraud, together with others known and unknown to the

21  Grand Jury, transmitted and caused the transmission of the following

22  items by means of wire and radio communication in interstate and

23  ///

24  ///

25  ///

26

27

28

4

foreign commerce:

| COUNT | DATE | PAYROLL SERVICE COMPANY | ITEM |
|---|---|---|---|
| ONE | August 25, 2010 | Employers Resource | Credit of $27,494.40 from Bank of America in California to Employers Resource Bank of America account number ending in 9208 in Oregon |
| TWO | September 3, 2010 | Pay-Net | Communication from Pay-Net in California to InterceptEFT in North Dakota instructing InterceptEFT to transfer $8,012.84 from UST's Merrill Lynch account number ending in 5266 to InterceptEFT's First Premier Bank account ending in 8680 |
| THREE | September 8, 2010 | PrimePay | Communication from PrimePay in Oregon to InterceptEFT in North Dakota instructing InterceptEFT to transfer $20,145.32 from UST's Merrill Lynch account ending in 5266 to InterceptEFT's First Premier Bank account ending in 8680 |
| FOUR | September 24, 2010 | Paycom | Communication from Paycom in Oklahoma attempting to transfer $5,000 from UST's Merrill Lynch account ending in 5266 in Texas |

1                    COUNTS FIVE THROUGH THIRTEEN

2                        [18 U.S.C. § 1341]

3   A.    INTRODUCTORY ALLEGATIONS

4         7.    The Grand Jury hereby realleges and incorporates by

5   reference paragraphs one and two of this Indictment.

6   B.    THE SCHEME TO DEFRAUD

7         8.    Beginning on an unknown date, and continuing through in or

8   about December 2011, in Riverside, San Bernardino, Los Angeles, and

9   Orange Counties, within the Central District of California, and

10  elsewhere, defendant BELL, together with others known and unknown to

11  the Grand Jury, knowingly and with intent to defraud, devised,

12  participated in, and executed a scheme to defraud victim businesses

13  and other entities, as to material matters, and to obtain money from

14  victim businesses and other entities by means of materially false and

15  fraudulent pretenses, representations, and promises, and the

16  concealment of material facts.

17        9.    The fraudulent scheme operated, in substance, as follows:

18             a.    Defendant BELL created or caused to be created

19  documents to be mailed ("mailers") which each described itself as an

20  "Invoice" or a "Statement."   The mailers that described themselves as

21  "Invoices" stated that a payment of $175.00 was due for "Telecom

22  Maintenance/Service Call," and included the statement, "Thank you for

23  your business."   The mailers that described themselves as

24  "Statements" stated that a payment of $175 or $350 was "Due" or "Past

25  Due," listed an invoice number which the mailer indicated had not

26  been paid, and included the statement, "Thank you for your business.

27  This is not a statement for services rendered but for preventative

28  maintenance."

b.    Defendant BELL mailed or caused to be mailed the mailers to businesses and other entities located in Riverside, San Bernardino, Los Angeles, and Orange Counties, and elsewhere.  UST had no preexisting business relationship with the businesses and other entities to which defendant BELL sent the mailers.

c.    In reliance on defendant BELL's false promises and pretenses, and material omissions, some of the businesses and other entities which received the mailers paid UST for the amount demanded by the mailers.

10.   To execute the aforementioned scheme, defendant BELL made, and caused to be made, false and deceptive statements to victim businesses and other entities, and concealed and caused to be concealed material facts from the victim businesses and other entities, including, without limitation:

a.    falsely stating that the business or other entity to which defendant BELL sent the mailer owed UST money;

b.    representing that the business or other entity to which defendant BELL sent the mailer had a previous business relationship or transaction with UST;

c.    concealing that the business or other entity to which defendant BELL sent the mailer did not owe UST money; and

d.    concealing that the business or other entity to which defendant BELL sent the mailer did not have a previous business relationship or transaction with UST.

C.    USE OF THE MAILS

11.   On or about the following dates, within the Central District of California, and elsewhere, defendant BELL, for the purpose of executing the above-described scheme to defraud, caused

7

1  the following items to be placed in an authorized depository for mail

2  matter to be sent and delivered by the United States Postal Service

3  or a private or commercial interstate carrier, according to the

4  directions thereon:

| COUNT | DATE | ADDRESSEE | ITEM |
|-------|------|-----------|------|
| FIVE | August 1, 2011 | ICSN Group | Invoice No. 9668 for "Telecom Maintenance/Service Call" |
| SIX | August 1, 2011 | Keesal, Young & Logan | Invoice No. 9986 for "Telecom Maintenance/Service Call" |
| SEVEN | August 1, 2011 | Sensis Agency | Invoice No. 11721 for "Telecom Maintenance/Service Call" |
| EIGHT | August 22, 2011 | Triple H Food Processors | Invoice No. 12398 for "Telecom Maintenance/Service Call" |
| NINE | August 23, 2011 | Magnolia School District | Invoice No. 10355 for "Telecom Maintenance/Service Call" |
| TEN | August 30, 2011 | Braswell's Chateau Villa | Statement for "INV #7893. Due 08/01/2011. Orig. Amount $175.00" |
| ELEVEN | August 30, 2011 | Inland Eye Institute Medical Group, Inc. | Statement for "INV #9730. Due 08/01/2011. Orig. Amount $175.00." and "INV #23815. Due 08/15/2011. Orig. Amount $175.00" |
| TWELVE | September 15, 2011 | Parker | Statement for "INV #18207. Orig. Amount $175.00" |
| THIRTEEN | September 15, 2011 | The Body Shop | Statement for "INV #27048. Orig. Amount $175.00" |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

12. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Fed. R. Crim. P., if defendant DAVID WILLIAM BELL ("defendant BELL") is convicted of any of the offenses set forth in Counts One through Thirteen of this Indictment, he shall forfeit to the United States the following property:

a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense charged in this Indictment; and

b. A sum of money equal to the total value of the property described in subparagraph a.

13. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), defendant BELL shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant BELL, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or

///

///

///

1  deposited with a third party; (c) has been placed beyond the

2  jurisdiction of the court; (d) has been substantially diminished in

3  value; or (e) has been commingled with other property that cannot be

4  divided without difficulty.

5                                                    A TRUE BILL

6

7                                                    /S/
                                                     _____
8                                                    Foreperson

9  EILEEN M. DECKER
   United States Attorney
10

11 *[signature]* for:

12 LAWRENCE S. MIDDLETON
   Assistant United States Attorney
   Chief, Criminal Division
13

14 JOSEPH B. WIDMAN
   Assistant United States Attorney
   Chief, Riverside Office
15

16 DANIEL A. ACKERMAN
   Assistant United States Attorney
   Riverside Office
17

18

19

20

21

22

23

24

25

26

27

28